# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## RICHARD L. WILLIAMS v. ROLAND COLSON, WARDEN, AND STATE OF TENNESSEE

### Appeal from the Criminal Court for Davidson County
No. 2003-C-1662     Randall Wyatt, Jr., Judge

---

### No. M2008-01822-CCA-R3-HC - Filed March 20, 2009

---

The Petitioner, Richard L. Williams, appeals from the trial court's dismissal of his petition seeking habeas corpus relief. The State has filed a motion requesting that this court affirm the trial court's dismissal of the petition pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State's motion is granted. The judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Richard Williams, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The record on appeal reflects that on April 5, 2004, the Petitioner pleaded guilty to and was convicted of second degree murder. He received an agreed-upon sentence of twenty-five years in the Department of Correction. On May 29, 2008, the Petitioner filed a petition for writ of habeas corpus. In his petition, he asserted that his sentence was illegal and void because he received the ineffective assistance of counsel prior to entering his guilty plea.

The trial court summarily dismissed the petition, finding that the Petitioner had failed to comply with the procedural requirements set forth in Tennessee Code Annotated section 29-21-107. The trial court also dismissed the petition because the grounds alleged in the petition had previously

been determined to have no merit when presented in a petition for post-conviction relief. It is from the order of the trial court dismissing the petition for habeas corpus relief that the Petitioner appeals.

Article 1, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tennessee Code Annotated sections 29-21-201 et seq. codify the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Thus, the grounds upon which habeas corpus relief will be granted are very narrow. State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

In this appeal, the State argues that the judgment of the trial court should be affirmed because the petition does not satisfy the statutory procedural requirement for a petition for habeas corpus relief, and because that the grounds stated in the petition do not set forth a cognizable claim for habeas corpus relief. We conclude that the State's argument has merit. The procedural requirements set forth in Tennessee Code Annotated section 29-21-107 are mandatory and must be scrupulously followed. See Hickman v. State, 153 S.W.3d 16, 21 (Tenn. 2004). In addition, the Petitioner's claim of ineffective assistance of counsel is not a colorable claim for habeas corpus relief because the claim would render the judgment only voidable, and not void. See State v. Archer, 851 S.W.2d 157, 164 (Tenn. 1993); see also Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

We conclude that the trial court did not err by summarily dismissing the Petitioner's habeas corpus petition. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE